PAUL E. DANIELSON, Justice, dissenting. I respectfully dissent, as I would affirm the circuit court’s findings that Berryhill failed to timely file her amended complaint naming the estate prior to the statute of limitations and that the statute of limitations was not tolled pursuant to Ark.Code Ann. § 16-56-125. I recognize the majority’s motivation to be equitable, but do not agree that it is the correct interpretation of the law. Additionally, I fear 19that the majority opinion redefines “tortfeasor” to include any liable party and the potential ramifications that could have. It is undisputed that Berryhill’s original complaint named Synatzske and numerous John Doe defendants and that Synatzske had predeceased the filing of that complaint. This court has specifically held that no legal proceeding is commenced when a complaint is filed against a deceased defendant. See Crenshaw v. Special Adm’r of Estate of Ayers, 2011 Ark. 222, 2011 WL 1896766. We explained: The original complaint was void ab initio and a nullity, and as such, it was not subject to amendment, relation back under Rule 15(c), or substitution of parties under Rule 25. A complaint naming a deceased person as the defendant constitutes a defect that fails to invoke the jurisdiction of the court because there must be an entity in being at the time the complaint is filed. A complaint must be valid to constitute an amendable pleading. Before Rule 15(c) can apply, there must be a valid pleading to relate back to. Rule 25 provides for substitution when “a party dies,” which means that the person must be a party at the time of death. Crenshaw, 2011 Ark. at 6 (internal citations omitted). While there is dicta in Crenshaw making mention that there had been no evidence in that case to show that in filing the original complaint, Crenshaw intended to name the estate or the representative, we did not make any conclusions as to whether such evidence would have changed the court’s holding. To do so would have been advisory, and it is well settled that this court does not issue advisory opinions. See DIRECTV, Inc. v. Murray, 2012 Ark. 366, 423 S.W.3d 555. Because Synatzske was deceased at the time the original complaint was filed, the complaint was void ab initio, a nullity, and, therefore, not an amendable pleading. The majority opinion declares that “the tortfeasors are Synatzske and Synatzske’s | inestate.” However, Synatzske’s estate was not the tortfeasor here. As the majority acknowledges, a tortfeasor is “one who commits a tort; a wrongdoer.” Black’s Law Dictionary 1527 (9th ed.2009). There is no question that Berryhill knew that the alleged tortfeasor involved in the accident was Synatzske. Her alleged wrongdoer was Synatzske, not Synatzske’s estate. Synatzske and the estate of Syn-atzske are separate and distinct entities. See Crenshaw, supra. The John Doe statute clearly applies only in cases where the tortfeasor is unknown. It is not a fact in the instant case that the tortfeasor was unknown. Rather, at the time that Berryhill filed the complaint, she suspected that Synatz-sek was deceased. Therefore, she named a John Doe to represent a possible estate. Berryhill was officially put on notice that Synatzsek was indeed deceased when an answer was filed on October 6, 2011, over a month before the statute of limitations was to expire. While the record might indicate that Berryhill’s counsel corresponded with defense counsel in an attempt to identify the proper venue to petition for appointment of a special administrator, the process to have a special administrator appointed is not a complex one. Berryhill seemingly relied on her original complaint, which named John Doe defendants. However, as previously noted, there were no unknown tortfeasors in the instant case and the John Doe statute simply did not apply. It is for this reason that I believe the circuit court’s order of summary judgment should be affirmed, and I dissent. HANNAH, C.J., and CORBIN, J., join.